IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

STACY BRYANT, Individually on behalf of those
similarly situated, and MICHAEL BRYANT; APRIL
AND GARY HARMON, Individually and on behalf of
those similarly situated; ROY DALE MOOMEY,
Individually and on behalf of those similarly situated,
and LINDA MOOMEY; MARK PETTY, Individually
and on behalf of those similarly situated, and
ELIZABETH PETTY; MARK CHENEY, Individually
and on behalf of those  similarly situated, and SARA
CHENEY; DALE FERGUSON, Individually and on
behalf of those similarly situated, and DANIELLE
FERGUSON; BILLY LAWHON, Individually and on
behalf of those similarly situated; PEARLIE TRULY,
Individually and on behalf of those similarly situated,
and DELMORE TRULY; TERRY FERGUSON,
Individually and on behalf of those similarly situated,
AND JULIIE FERGUSON; and STEPHEN DAVIS,
Individually and on behalf of those similarly situated,

CASE NO. _____

PLAINTIFFS,

v.

ROSSLARE FUNDING, INC., REAL ESTATE AND
TITLE SERVICES, INC.; COUNTRYWIDE HOME
LOANS, INC.; U.S. BANK NATIONAL ASSOCIATION,
f/k/a FIRST NATIONAL BANK ASSOCIATION,
Indenture Trustee and Co-Owner Trustee for, and
WILMINGTON TRUST COMPANY, Individually, and as
Owner Trustee for, and, FIRSTPLUS HOME LOAN
OWNER TRUST 1997-1; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-2; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-3; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-4; FIRSTPLUS HOME LOAN
OWNER TRUST 1998-3; FIRSTPLUS HOME LOAN
OWNER TRUST 1998-4; REMODELER'S HOME
IMPROVEMENT LOAN ASSET BACKED
CERTIFICATE, SERIES 1996-1; OCWEN FEDERAL
BANK FSB; CHASE MORTGAGE SERVICES, INC.;
JOHN DOES 1-75; JOHN DOES 76-150; CHASE
MANHATTAN MORTGAGE CORPORATION; U.S. BANK
NATIONAL ASSOCIATION, Indenture and Co-Owner

112281-1

**Trustee for, and WILMINGTON TRUST COMPANY, Co-Owner Trustee for, and UNITED NATIONAL HOME LOAN OWNER TRUST 1999-1; U.S. BANK TRUST NATIONAL ASSOCIATION, Trustee for, and KEYSTONE OWNER TRUST 1998-P1; U.S. BANK TRUST NATIONAL ASSOCIATION, Trustee for, and KEYSTONE OWNER TRUST 1998-P2; FIRST TRUST NATIONAL ASSOCIATION (n/k/a U.S. BANK TRUST NATIONAL ASSOCIATION), Trustee for, and KEYSTONE OWNER TRUST 1997-P3; WELLS FARGO BANK, N.A. (successor in interest to NORWEST BANK, N.A.), Trustee for, and CITY CAPITAL HOME LOAN TRUST 1999-1; THE BANK OF NEW YORK, Trustee for, and METROPOLITAN MORTGAGE PASS-THROUGH CERTIFICATE SERIES 1998-B TRUST; U.S. BANK, N.A. Trustee for and REPUBLIC BANK HOME LOAN OWNER TRUST 1998-1,**

**DEFENDANTS**
**NOTICE OF REMOVAL**

To the judges of the United States Bankruptcy Court for the Eastern District of Arkansas:

Wells Fargo Bank, N.A., The Bank of New York, FirstPlus Home Loan Owner Trust 1998-4, Wilmington Trust Company, as Owner Trustee for and on behalf of FirstPlus Home Loan Owner Trust 1998-4, and U.S. Bank National Association, as Co-Owner Trustee and Indenture Trustee for and on behalf of FirstPlus Home Loan Owner Trust 1998-4, hereby remove the above-captioned action, currently pending in Greene County, Arkansas, Circuit Court as Case No. 2002-42(B), to the United States Bankruptcy Court for the Eastern District of Arkansas. In support of this Notice of Removal, defendants state as follows:

**BACKGROUND**

1.     This is a civil action that was instituted in the Circuit Court of Greene County on or about February 11, 2002.

2.      Plaintiffs' Complaint, which has been amended four times, asserts inter alia that the defendants held and/or serviced usurious second mortgage loans made to plaintiffs.

3.      FirstPlus Home Loan Owner Trust 1998-4, Wilmington Trust Company, as Owner Trustee for and on behalf of FirstPlus Home Loan Owner Trust 1998-4, and U.S. Bank National Association, as Co-Owner Trustee and Indenture Trustee for and on behalf of FirstPlus Home Loan Owner Trust 1998-4 (collectively, the "Removing Trust Defendants"), were first named as defendants in plaintiffs' First Amended Complaint, served on the Trust Defendants on or about February 19, 2003. The Removing Trust Defendants received a copy of the Fourth Amended Complaint on January 12, 2005. A copy of the Fourth Amended Complaint is attached hereto as Exhibit A. A copy of the Greene County Circuit Court Docket Sheet, showing all pleadings and orders filed in the state court proceeding, is attached hereto as Exhibit B.[1]

4.      The Fourth Amended Complaint adds as named plaintiffs Pearlie Mae and Delmore Truly (collectively, the "Trulys"). The Trulys' loan is currently held by the FirstPlus Home Loan Owner Trust 1998-4.

5.      The Trulys filed a petition for relief under Chapter 13 of the Bankruptcy Code on or about February 12, 2003. The Trulys' Chapter 13 proceeding is Case No. 4:03-bk-11737 pending in the United States Bankruptcy Court for the Eastern District of Arkansas, Little Rock Division. Exhibit C to this notice is a certified copy of the Truly's original petition and

---

[1]  The Docket Sheet is provided in lieu of electronically filing the voluminous documents filed in the state court proceeding, in accordance with instructions from the Electronic Case Filing Help Desk and Section II(A)(1)(c) of the U.S. Bankruptcy Court for the Eastern and Western Districts of Arkansas's "Administrative Procedures for Electronically Filed Cases and Related Documents". A complete copy of any document filed in the state court proceeding will be provided by the undersigned counsel upon request of an interested party.

6.   schedules.  Exhibit D is a copy of the PACER docket report showing that the Trulys' Chapter 13 proceeding is still pending.

7.   This action is thus related to a pending bankruptcy case.  The Removing Trust Defendants therefore have the right to remove this case based upon 28 U.S.C. § 1334, as authorized by 28 U.S.C. § 1452, Federal Rule of Bankruptcy Procedure 9027 and United States District Court for the Eastern District of Arkansas Local Rule 83.1.

8.   Wells Fargo Bank, N.A. and The Bank of New York  (collectively the "Removing Bank Defendants") were first named as defendants in plaintiffs' Fourth Amended Complaint, served upon the Removing Bank Defendants on or about January 24, 2005.

9.   Wells Fargo Bank, N.A. is a national bank.  The Bank of New York is a New York state-chartered bank.  Because the claims against the Removing Bank Defendants are completely preempted by the National Bank Act , 12 U.S.C. §§ 24, 85, 86 and 371 (the "NBA"), and by the Depository Institutions Deregulation and Monetary Control Act, 12 U.S.C. § 1831(d)(a) ("DIDA"), federal question jurisdiction exists under 28 U.S.C. § 1331.  The Removing Bank Defendants thus desire to exercise their right to remove this case pursuant to 28 U.S.C. § 1441, and join with the Trust Defendants in removing this case pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 1452, Federal Rule of Bankruptcy Procedure 9027 and United States District Court for the Eastern District of Arkansas Local Rule 83.1.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1334, PERMITTING REMOVAL UNDER 28 U.S.C. § 1452

10.   Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

11.     Under 28 U.S.C. § 1334(b), federal courts have original jurisdiction over civil proceedings "arising under title 11, or arising in or related to [a case] under title 11."

12.     A cause of action is "related to" a case under Title 11 if its resolution "could conceivably have any effect on the estate being administered in bankruptcy." Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.6 (1995), citing Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 583-84 (6th Cir. 1990).

13.     This action is related to the Chapter 13 bankruptcy case of the Trulys, two of the named plaintiffs in this action. All of the Truly's assets, including their causes of action asserted in this lawsuit, are property of their Chapter 13 bankruptcy estate. 11 U.S.C. §§ 541, 1306.

14.     In addition, the Removing Defendants are informed and believe that many members of the putative class have had active bankruptcy cases in the Eastern District of Arkansas during the proposed class period.

15.     The Court has supplemental jurisdiction over all remaining claims in this matter pursuant to 28 U.S.C. § 1367.

16.     The plaintiffs' alleged cause of action is non-core. The Trust Removing Defendants and the Bank Removing Defendants do not consent to entry of final orders or judgment by the bankruptcy judge.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1331, PERMITTING REMOVAL UNDER 28 U.S.C. § 1441

17.     28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

18.     The District Court of the United States has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that plaintiffs' causes of action arise under the laws of the United States.

19.     Notwithstanding the absence of an express federal cause of action in plaintiffs' Complaint, plaintiffs' claims confer federal question jurisdiction upon this Court. "[A] case may arise under federal law 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Berger Levee Dist., Franklin County, Missouri v. United States*, 128 F.3d 679, 681 (8th Cir. 1997) (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Plaintiffs' artful pleading cannot avoid complete preemption in these circumstances. Federal law completely preempts the plaintiffs' claims.

20.     Specifically, Plaintiffs' claim of alleged usurious interest against Wells Fargo Bank, N.A. is regulated solely by Section 85 of the National Bank Act, 12 U.S.C. § 85. *See, M. Nahas & Co. v. First Nat'l Bank of Hot Springs*, 930 F.2d 608, 612 (8th Cir. 1991)(a claim of usury against a national bank must necessarily be characterized as federal, and removal from Garland County Circuit Court was proper); *Ament v. PNC Nat'l Bank*, 825 F.Supp. 1243, 1250 (W.D. Pa. 1992), *aff'd sub nom, Deffner v. Corestates Bank*, 92 F.3d 1170 (3d Cir. 1996); *Basile v. H & R Block, Inc.*, 897 F.Supp. 194, 196 (E.D.Pa. 1995)(ruling that claim alleging national bank's "finance charges exceeded allowable limits under Pennsylvania's consumer protection law . . . raises a federal question."); *Hunter v. Rich's Dep't Stores*, 945 F.Supp. 1500, 1510 (N.D. Ala. 1995)(holding, pursuant to section 85 of the NBA, "In light of the great weight of authority, complete preemption and thus federal question jurisdiction applies."); *Goehl v. Mellon Bank*, 825 F.Supp. 1239, 1243 (E.D.Pa. 1993)(finding a "clear indication of Congressional intent to permit removal in cases implicating sections 85 and 86 of the NBA"); *Watson v. First Union Nat'l Bank*

*of South Carolina*, 837 F.Supp. 146, 149-50 (D.S.C. 1993)(concluding that the interest provisions of the National Bank Act, 12 U.S.C. § 85, completely preempted state usury laws for purposes of removal); *Nelson v. CitiBank (South Dakota) N.A.*, 794 F.Supp. 312, 320 (D. Minn. 1992)(holding that plaintiffs usury claim was federal in nature and, therefore, was properly removed); *Beeman v. Houston*, 691 F.Supp. 1027, 1027 (S.D. Tex. 1988)(ruling that borrower's usury claim was governed by the NBA, "entitling [Bank] to remove this suit to federal court").

21.     Moreover, Plaintiffs' claim of alleged usurious interest against The Bank of New York is regulated solely by DIDA Section 521. *See First Nat'Bank v. Nowlin,* 509 F.2d 872 (8th Cir. 1975) ("since Congress has provided a penalty for usury, that action preempts the field and leaves no room for varying state penalties"); *Nahas & Co. v. First Nat. Bank of Hot Springs*, 930 F.2d 608 (8th Cir. 1991) (plaintiffs usury action under Arkansas law completely preempted by Sections 85 and 86 of National Bank Act); *Greenwood Trust Co. v. Comm. of Mass.*, 971 F.2d 818 (1st Cir. 1992), *cert. denied,* 506 U.S. 1052 (1993)(DIDA preempts state statute prohibiting late fees); *Hill v. Chemical Bank*, 799 F. Supp. 948 (D. Minn. 1992) (provisions of DIDA establishing maximum interest rate for loans completely preempted field of usury claims, including charges for late fees and other charges permitted by bank's home state material to determination of interest rate); *Watson v. First Union Nat. Bank of S.C.*, 837 F.Supp. 146 (D.S.C. 1993) (Sections 85 and 86 of National Bank Act completely preempted plaintiffs state law claims for usurious interest and other charges under South Carolina Consumer Protection Code).

22. In paragraph 9 of their Fourth Amended Complaint, Plaintiffs expressly allege that they are not making any claim against U.S. Bank National Association (also a national bank subject to the NBA) in its individual or personal banking capacity. However, no such allegation is made as to the individual or personal liability of Wells Fargo Bank N.A. and/or Bank of New

York.  In paragraphs 46 and 47 of the Fourth Amended Complaint, Plaintiffs specifically allege that "the allegations of this Complaint [including the usury cause of action] are also alleged against [Wells Fargo and Bank of New York]."  Plaintiffs also allege in paragraphs 46 and 47 that Wells Fargo and Bank of New York have "ownership" in mortgage loans, "receive or received usurious interest from them" and "are liable for usury . . . as provided by Arkansas law."  In light of these specific allegations asserting individual and personal liability under state law usury claims, removal by Wells Fargo under 12 U.S.C. §§ 85, 86 and Bank of New York under 12 U.S.C. § 1831d is appropriate.

23.      The Court has supplemental jurisdiction over all remaining claims in this matter pursuant to 28 U.S.C. § 1441(c).

## REMOVAL IS OTHERWISE APPROPRIATE

24.      Pursuant to 28 U.S.C. §§ 1441 and 1452, this case may be  removed from the Greene County Circuit Court to the United States District Court for the Eastern District of Arkansas.  Given that the action is related to a pending bankruptcy proceeding, the matter is automatically referred to the United States Bankruptcy Court for the Eastern District of Arkansas pursuant to Eastern District of Arkansas Local Rule 83.1.

25.      This Notice of Removal is filed within thirty days of the service of the Fourth Amended Complaint upon the Removing Trust Defendants and the Removing Bank Defendants.  It is thus timely filed.

26.      Under 28 U.S.C. § 1452, any party may remove a claim or cause of action regardless of the consent of the other parties to the action.  *See, Creasy v. Coleman Furniture Corp.,* 763 F.2d 656, 660 (4th Cir. 1985); *Holman v. Honeywell International, Inc.,* 2002 WL 32727082 (E.D. Mo. 2002).

27.     Unanimous consent is also not required with respect to the removal of this action under 28 U.S.C. § 1441.

28.     Nevertheless, the Removing Defendants have obtained the consent of the following parties to this removal as evidenced by separately signed pleadings attached hereto:

Countrywide Home Loans, Inc.
Wilmington Trust Company, as Owner Trustee
Firstplus Home Loan Owner Trust 1997-1
Firstplus Home Loan Owner Trust 1997-2
Firstplus Home Loan Owner Trust 1997-3
Firstplus Home Loan Owner Trust 1997-4
Firstplus Home Loan Owner Trust 1998-3
Remodelers Series 1996-1 Trust Fund (improperly named Remodeler's Home
          Improvement Loan Asset Backed Certificate, Series 1996-1)
U.S. Bank National Association (in its various Trustee capacities)
Ocwen Federal Bank FSB
Chase Manhattan Mortgage Corporation
United National Home Loan Owner Trust 1999-1
Keystone Owner Trust 1998-P1
Keystone Owner Trust 1998-P2
Keystone Owner Trust 1997-P3
City Capital Home Loan Trust 1999-1
Metropolitan Mortgage Pass-Through Certificate Series 1998-B Trust
Republic Bank Home Loan Owner Trust 1998-1

29.     Defendant Rosslare Funding, Inc. is now defunct, and no proof of service has ever been filed with the Greene County Circuit Court.  In addition, Rosslare Funding, Inc. has not entered an appearance or otherwise participated in this matter.  Thus, no consent is necessary from this non-party.

30.     Real Estate And Title Services, Inc. is a nominal defendant in this action.  Its consent is thus not necessary.

31.     The consent of Real Estate And Title Services, Inc. is also not necessary because the Removing Bank Defendants are the only named defendants with the substantive right to remove this action under 12 U.S.C. § 1441.  Numerous courts have held that it is not necessary to

obtain the consent of those defendants who do not have an independent right of removal. *See,*

*Moscovitch v. Danbury Hosp.*, 25 F.Supp.2d 74 (D.Conn. 1998); *Costantini v. Guardian Life Ins.*

*Co.*, 859 F.Supp. 89, 90 (S.D.N.Y. 1994); *Rey v. Classic* Cars, 762 F.Supp. 421 (D.Mass. 1991);

Hill *v. Boston*, 706 F.Supp. 966 (D. Mass 1989); *Gorman v. Abbott Laboratories*, 629 F.Supp.

1196 (D.R.I. 1986); *McKinney v. Rodney C. Hunt Co.*, 464 F.Supp. 59, 62 (W.D.N.C. 1978);

*Parisi v. Rochester Cardiothoracic Associates*, 1992 WL 470521 (W.D.N.Y. 1992).  For this

reason, the consent of Real Estate and Title Services, Inc. is unnecessary because the claims

against it are not removable.

  32. The consent of Real Estate and Title Services, Inc. is further unnecessary under 28

U.S.C. § 1441(c), which states:

> Whenever a separate and independent claim or cause of action within the jurisdiction
> conferred by section 1331 of this title is joined with one or more otherwise non-
> removable claims or causes of action, the entire case may be removed and the district
> court may determine all issues therein, or, in its discretion, may remand all matters in
> which State law predominates.

While Plaintiffs' Fourth Amended Complaint alleges that all defendants are liable to Plaintiffs on

all five (5) counts (usury, fraud, deceptive trade practices, civil conspiracy, and unjust

enrichment), the only factual allegations concerning Real Estate and Title Services involve

charging certain fees at the time of the loan closing.  *See* Exhibit A at ¶ 22.  These non-

removable factual allegations based upon common law fraud are separate and independent from

allegations that the interest rates charged on loans were usurious.  It is this latter claim that

provides the federal jurisdiction under 28 U.S.C. § 1331.

  33. Written notice of the filing of this Notice of Removal will be promptly served

upon all counsel for adverse parties as required by law.

34.     The Removing Trust Defendants and the Removing Bank Defendants reserve the right to amend or supplement this Notice of Removal, and further reserve all defenses.

35.     The undersigned states that this removal is well grounded in fact, warranted by existing law and is not interposed for any improper purpose.

**WHEREFORE,** the Removing Trust Defendants and the Removing Bank Defendants pray that this case be removed from the Circuit Court of Greene County, Arkansas, where it is now pending, to this Court, that this Court accept jurisdiction of this action, and henceforth that this action be placed upon the docket of this Court for further proceedings, same as though this case had originally been instituted in this Court.

Respectfully submitted,

ROSE LAW FIRM
a Professional Association
120 East Fourth Street
Little Rock, Arkansas  72201-2893
(501) 377-0329
sjoiner@roselawfirm.com

By: *Stephen N. Joiner*
    Stephen N. Joiner
    Arkansas Bar No. 87093

Attorneys for the Removing Trust Defendants
FirstPlus Home Loan Owner Trust 1998-4,
Wilmington Trust Company, as Owner Trustee for
and on behalf of FirstPlus Home Loan Owner Trust
1998-4, and U.S. Bank National Association, as Co-
Owner Trustee and Indenture Trustee for and on
behalf of FirstPlus Home Loan Owner Trust 1998-4


SHUGHART THOMSON & KILROY, P.C.
Twelve Wyandotte Plaza
120 West 12th Street, Suite 1700
Kansas City, Missouri 64105
(816) 421-3355
(816) 374-0509 (FAX)

By: *Mark A. Otlhoff*
    Mark A. Otlhoff
    Admitted *pro hac vice*

Attorneys for the Removing Bank Defendants
Wells Fargo Bank, N.A. and The Bank of New
York

## CERTIFICATE OF SERVICE

I sent a copy of the foregoing notice to the persons listed below on February 11, 2005:

Joe Holifield
Attorney at Law
423 West Court Street
Paragould, Arkansas  72450

Mart Vehik
McMath Woods, P.A.
711 West Third Street
Little Rock, Arkansas  72201

Arlon L. Woodruff
Attorney at Law
Post Office Box 500
Lake City, Arkansas  72437

Claire S. Hancock
Wright, Lindsey & Jennings
200 West Capitol Avenue, Suite 2200
Little Rock, Arkansas  72201

David L. Permut
Goodwin Procter LLP
901 New York Avenue, NW
Washington, D.C.  20001

Mark A. Olthoff
Shughart Thomson & Kilroy, P.C.
Twelve Wyandotte Plaza
120 West Twelfth Street, Suite 1800
Kansas City, Missouri  64105-1929

Robert W. George
Kutak Rock LLP
The Three Sisters Building
214 West Dickson Street
Fayetteville, Arkansas  72701-4200

Andrew S. Paine
Burke, Warren, MacKay
 & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois  60611-3607

William A. Waddell
Friday, Eldredge & Clark, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas  72201

William J. Wade
Richards, Layton & Finger, P.A.
One Rodney Square
Post Office Box 551
Wilmington, Delaware  19899-0551

Leslie A. Greathouse
Kutak Rock LLP
Valencia Place, Suite 200
444 West 47th Street
Kansas City, Missouri  64112-1914

J. Rogers McNeil
Womack, Landis, Phelps, McNeill &
McDaniel
Century Center
301 West Washington
Post Office Box 3077
Jonesboro, Arkansas  72403


_Stephen N. Joiner_
Stephen N. Joiner

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

STACY BRYANT, Individually on behalf of those
similarly situated, and MICHAEL BRYANT; APRIL
AND GARY HARMON, Individually and on behalf of
those similarly situated; ROY DALE MOOMEY,
Individually and on behalf of those similarly situated,
and LINDA MOOMEY; MARK PETTY, Individually
and on behalf of those similarly situated, and
ELIZABETH PETTY; MARK CHENEY, Individually
and on behalf of those  similarly situated, and SARA
CHENEY; DALE FERGUSON, Individually and on
behalf of those similarly situated, and DANIELLE
FERGUSON; BILLY LAWHON, Individually and on
behalf of those similarly situated; PEARLIE TRULY,
Individually and on behalf of those similarly situated,
and DELMORE TRULY; TERRY FERGUSON,
Individually and on behalf of those similarly situated,
AND JULIIE FERGUSON; and STEPHEN DAVIS,
Individually and on behalf of those similarly situated,

CASE NO. _____

PLAINTIFFS,

v.

ROSSLARE FUNDING, INC., REAL ESTATE AND
TITLE SERVICES, INC.; COUNTRYWIDE HOME
LOANS, INC.; U.S. BANK NATIONAL ASSOCIATION,
f/k/a FIRST NATIONAL BANK ASSOCIATION,
Indenture Trustee and Co-Owner Trustee for, and
WILMINGTON TRUST COMPANY, Individually, and as
Owner Trustee for, and, FIRSTPLUS HOME LOAN
OWNER TRUST 1997-1; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-2; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-3; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-4; FIRSTPLUS HOME LOAN
OWNER TRUST 1998-3; FIRSTPLUS HOME LOAN
OWNER TRUST 1998-4; REMODELER'S HOME
IMPROVEMENT LOAN ASSET BACKED
CERTIFICATE, SERIES 1996-1; OCWEN FEDERAL
BANK FSB; CHASE MORTGAGE SERVICES, INC.;
JOHN DOES 1-75; JOHN DOES 76-150; CHASE
MANHATTAN MORTGAGE CORPORATION; U.S. BANK
NATIONAL ASSOCIATION, Indenture and Co-Owner

Trustee for, and WILMINGTON TRUST COMPANY, Co-
Owner Trustee for, and UNITED NATIONAL HOME
LOAN OWNER TRUST 1999-1; U.S. BANK TRUST
NATIONAL ASSOCIATION, Trustee for, and
KEYSTONE OWNER TRUST 1998-P1; U.S. BANK
TRUST NATIONAL ASSOCIATION, Trustee for, and
KEYSTONE OWNER TRUST 1998-P2; FIRST TRUST
NATIONAL ASSOCIATION (n/k/a U.S. BANK TRUST
NATIONAL ASSOCIATION), Trustee for, and
KEYSTONE OWNER TRUST 1997-P3; WELLS
FARGO BANK, N.A. (successor in interest to
NORWEST BANK, N.A.), Trustee for, and CITY
CAPITAL HOME LOAN TRUST 1999-1; THE BANK
OF NEW YORK, Trustee for, and METROPOLITAN
MORTGAGE PASS-THROUGH CERTIFICATE
SERIES 1998-B TRUST; U.S. BANK, N.A. Trustee for
and REPUBLIC BANK HOME LOAN OWNER
TRUST 1998-1,

**DEFENDANTS**

**CONSENT TO REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1334, 1367, 1441, 1446, 1452, Eastern District of

Arkansas Local Rule 83.1, and Federal Rule of Bankruptcy Procedure 9027, Chase Home

Finance, LLC as successor by merger to Chase Manhattan Mortgage Corporation ("CHF")

hereby consents to the removal of this action originally pleaded as Case No. 2002-42(B) in the

Circuit Court of Greene County, Arkansas, and removed to the United States Bankruptcy Court

for the Eastern District of Arkansas by Wells Fargo Bank, N.A., The Bank of New York,

FirstPlus Home Loan Owner Trust 1998-4, Wilmington Trust Company, as Owner Trustee for

and on behalf of FirstPlus Home Loan Owner Trust 1998-4, and U.S. Bank National Association,

as Co-Owner Trustee and Indenture Trustee for and on behalf of FirstPlus Home Loan Owner

Trust 1998-4 (the "Removing Defendants"). The removal is based upon federal question

jurisdiction and upon jurisdiction of cases arising under Title 11 of the U.S. Code, all as set forth

in the Notice of Removal.

2

Pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3), CHF admits the allegation in the notice of removal that the proceeding is non-core, and states that it does not consent to entry of final orders or judgment by the bankruptcy judge.

CHASE MANHATTAN MORTGAGE
CORPORATION

By: _____

    Andrew S. Paine
    Burke, Warren, MacKay & Serritella, P.C.
    330 North Wabash Avenue
    22nd Floor
    Chicago, Illinois 60611-3607
    (312) 840-7000 Telephone
    (312) 840-7900 Facsimile

345269.1

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

STACY BRYANT, Individually on behalf of those
similarly situated, and MICHAEL BRYANT; APRIL
AND GARY HARMON, Individually and on behalf of
those similarly situated; ROY DALE MOOMEY,
Individually and on behalf of those similarly situated,
and LINDA MOOMEY; MARK PETTY, Individually
and on behalf of those similarly situated, and
ELIZABETH PETTY; MARK CHENEY, Individually
and on behalf of those  similarly situated, and SARA
CHENEY; DALE FERGUSON, Individually and on
behalf of those similarly situated, and DANIELLE
FERGUSON; BILLY LAWHON, Individually and on
behalf of those similarly situated; PEARLIE TRULY,
Individually and on behalf of those similarly situated,
and DELMORE TRULY; TERRY FERGUSON,
Individually and on behalf of those similarly situated,
AND JULIIE FERGUSON; and STEPHEN DAVIS,
Individually and on behalf of those similarly situated,

CASE NO. _____

**PLAINTIFFS,**

v.

ROSSLARE FUNDING, INC., REAL ESTATE AND
TITLE SERVICES, INC.; COUNTRYWIDE HOME
LOANS, INC.; U.S. BANK NATIONAL ASSOCIATION,
f/k/a FIRST NATIONAL BANK ASSOCIATION,
Indenture Trustee and Co-Owner Trustee for, and
WILMINGTON TRUST COMPANY, Individually, and as
Owner Trustee for, and, FIRSTPLUS HOME LOAN
OWNER TRUST 1997-1; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-2; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-3; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-4; FIRSTPLUS HOME LOAN
OWNER TRUST 1998-3; FIRSTPLUS HOME LOAN
OWNER TRUST 1998-4; REMODELER'S HOME
IMPROVEMENT LOAN ASSET BACKED
CERTIFICATE, SERIES 1996-1; OCWEN FEDERAL
BANK FSB; CHASE MORTGAGE SERVICES, INC.;
JOHN DOES 1-75; JOHN DOES 76-150; CHASE
MANHATTAN MORTGAGE CORPORATION; U.S. BANK
NATIONAL ASSOCIATION, Indenture and Co-Owner

554600-v1

Trustee for, and WILMINGTON TRUST COMPANY, Co-
Owner Trustee for, and UNITED NATIONAL HOME
LOAN OWNER TRUST 1999-1; U.S. BANK TRUST
NATIONAL ASSOCIATION, Trustee for, and
KEYSTONE OWNER TRUST 1998-P1; U.S. BANK
TRUST NATIONAL ASSOCIATION, Trustee for, and
KEYSTONE OWNER TRUST 1998-P2; FIRST TRUST
NATIONAL ASSOCIATION (n/k/a U.S. BANK TRUST
NATIONAL ASSOCIATION), Trustee for, and
KEYSTONE OWNER TRUST 1997-P3; WELLS
FARGO BANK, N.A. (successor in interest to
NORWEST BANK, N.A.), Trustee for, and CITY
CAPITAL HOME LOAN TRUST 1999-1; THE BANK
OF NEW YORK, Trustee for, and METROPOLITAN
MORTGAGE PASS-THROUGH CERTIFICATE
SERIES 1998-B TRUST; U.S. BANK, N.A. Trustee for
and REPUBLIC BANK HOME LOAN OWNER
TRUST 1998-1,

DEFENDANTS

## CONSENT TO REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1334, 1367, 1441, 1446, 1452, Eastern District of

Arkansas Local Rule 83.1, and Federal Rule of Bankruptcy Procedure 9027, Countrywide Home

Loans, Inc. hereby consents to the removal of this action originally pleaded as Case No. 2002-

42(B) in the Circuit Court of Greene County, Arkansas, and removed to the United States

Bankruptcy Court for the Eastern District of Arkansas by Wells Fargo Bank, N.A., The Bank of

New York, FirstPlus Home Loan Owner Trust 1998-4, Wilmington Trust Company, as Owner

Trustee for and on behalf of FirstPlus Home Loan Owner Trust 1998-4, and U.S. Bank National

Association, as Co-Owner Trustee and Indenture Trustee for and on behalf of FirstPlus Home

Loan Owner Trust 1998-4 (the "Removing Defendants"). The removal is based upon federal

question jurisdiction and upon jurisdiction of cases arising under Title 11 of the U.S. Code, all as

set forth in the Notice of Removal.

Pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3), Countrywide Home Loans, Inc. admits the allegation in the notice of removal that the proceeding is non-core, and states that it does not consent to entry of final orders or judgment by the bankruptcy judge.

Respectfully submitted,

David L. Permut *(pro hac vice)*
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
9th Floor East
Washington, DC  20001
Tel:     (202) 346-4000
Fax:     (202) 346-4444

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

By    *Claire Hancock*
       Claire Shows Hancock (95013)

Attorneys for Countrywide Home Loans, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

| | |
|---|---|
| **STACY BRYANT, Individually on behalf of those similarly situated, and MICHAEL BRYANT; APRIL AND GARY HARMON, Individually and on behalf of those similarly situated; ROY DALE MOOMEY, Individually and on behalf of those similarly situated, and LINDA MOOMEY; MARK PETTY, Individually and on behalf of those similarly situated, and ELIZABETH PETTY; MARK CHENEY, Individually and on behalf of those similarly situated, and SARA CHENEY; DALE FERGUSON, Individually and on behalf of those similarly situated, and DANIELLE FERGUSON; BILLY LAWHON, Individually and on behalf of those similarly situated; PEARLIE TRULY, Individually and on behalf of those similarly situated, and DELMORE TRULY; TERRY FERGUSON, Individually and on behalf of those similarly situated, AND JULIIE FERGUSON; and STEPHEN DAVIS, Individually and on behalf of those similarly situated,** | **CASE NO. _____** |

**PLAINTIFFS,**

v.

**ROSSLARE FUNDING, INC., REAL ESTATE AND TITLE SERVICES, INC.; COUNTRYWIDE HOME LOANS, INC.; U.S. BANK NATIONAL ASSOCIATION, f/k/a FIRST NATIONAL BANK ASSOCIATION, Indenture Trustee and Co-Owner Trustee for, and WILMINGTON TRUST COMPANY, Individually, and as Owner Trustee for, and, FIRSTPLUS HOME LOAN OWNER TRUST 1997-1; FIRSTPLUS HOME LOAN OWNER TRUST 1997-2; FIRSTPLUS HOME LOAN OWNER TRUST 1997-3; FIRSTPLUS HOME LOAN OWNER TRUST 1997-4; FIRSTPLUS HOME LOAN OWNER TRUST 1998-3; FIRSTPLUS HOME LOAN OWNER TRUST 1998-4; REMODELER'S HOME IMPROVEMENT LOAN ASSET BACKED CERTIFICATE, SERIES 1996-1; OCWEN FEDERAL BANK FSB; CHASE MORTGAGE SERVICES, INC.; JOHN DOES 1-75; JOHN DOES 76-150; CHASE MANHATTAN MORTGAGE CORPORATION; U.S. BANK NATIONAL ASSOCIATION, Indenture and Co-Owner**

**Trustee for, and WILMINGTON TRUST COMPANY, Co-
Owner Trustee for, and UNITED NATIONAL HOME
LOAN OWNER TRUST 1999-1; U.S. BANK TRUST
NATIONAL ASSOCIATION, Trustee for, and
KEYSTONE OWNER TRUST 1998-P1; U.S. BANK
TRUST NATIONAL ASSOCIATION, Trustee for, and
KEYSTONE OWNER TRUST 1998-P2; FIRST TRUST
NATIONAL ASSOCIATION (n/k/a U.S. BANK TRUST
NATIONAL ASSOCIATION), Trustee for, and
KEYSTONE OWNER TRUST 1997-P3; WELLS
FARGO BANK, N.A. (successor in interest to
NORWEST BANK, N.A.), Trustee for, and CITY
CAPITAL HOME LOAN TRUST 1999-1; THE BANK
OF NEW YORK, Trustee for, and METROPOLITAN
MORTGAGE PASS-THROUGH CERTIFICATE
SERIES 1998-B TRUST; U.S. BANK, N.A. Trustee for
and REPUBLIC BANK HOME LOAN OWNER
TRUST 1998-1,**

**DEFENDANTS**

**<u>JOINT CONSENT TO REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1331, 1334, 1367, 1441, 1446, 1452, Eastern District of

Arkansas Local Rule 83.1, and Federal Rule of Bankruptcy Procedure 9027, the undersigned

defendants[1] (the "Consenting Defendants") hereby consent to the removal of this action

originally pleaded as Case No. 2002-42(B) in the Circuit Court of Greene County, Arkansas, and

removed to the United States Bankruptcy Court for the Eastern District of Arkansas by Wells

Fargo Bank, N.A., The Bank of New York, FirstPlus Home Loan Owner Trust 1998-4,

---

[1] The defendants joining in this Joint Consent to Removal are Firstplus Home Loan Owner Trust
1997-1, Firstplus Home Loan Owner Trust 1997-2, Firstplus Home Loan Owner Trust 1997-3,
Firstplus Home Loan Owner Trust 1997-4, Firstplus Home Loan Owner Trust 1998-3,
Remodelers Series 1996-1 Trust Fund (improperly identified as Remodeler's Home Improvement
Loan Asset Backed Certificate, Series 1996-1 in the Fourth Amended Complaint) (collectively
the "FirstPlus Trusts"), Republic Bank Home Loan Owner Trust 1998-1 (the "Republic Bank
Trust"), U.S. Bank National Association, as Co-Owner Trustee and Indenture Trustee for and on
behalf of the FirstPlus Trusts and the Republic Bank Trust, and Wilmington Trust Company, as
Owner Trustee for and on behalf of the FirstPlus Trusts.

2

Wilmington Trust Company, as Owner Trustee for and on behalf of FirstPlus Home Loan Owner

Trust 1998-4, and U.S. Bank National Association, as Co-Owner Trustee and Indenture Trustee

for and on behalf of FirstPlus Home Loan Owner Trust 1998-4 (the "Removing Defendants").

The removal is based upon federal question jurisdiction and upon jurisdiction of cases arising

under Title 11 of the U.S. Code, all as set forth in the Notice of Removal.

Pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3), the Consenting Defendants

admit the allegation in the notice of removal that the proceeding is non-core, and states that it

does not consent to entry of final orders or judgment by the bankruptcy judge.

Respectfully submitted,

ROSE LAW FIRM
a Professional Association
120 East Fourth Street
Little Rock, Arkansas  72201-2893
(501) 377-0329
sjoiner@roselawfirm.com

By: _Stephen N. Joiner_

Stephen N. Joiner
Arkansas Bar No. 87093

Attorneys for the Consenting Defendants
Firstplus Home Loan Owner Trust 1997-1, Firstplus
Home Loan Owner Trust 1997-2, Firstplus Home
Loan Owner Trust 1997-3, Firstplus Home Loan
Owner Trust 1997-4, Firstplus Home Loan Owner
Trust 1998-3, Remodelers Series 1996-1 Trust Fund
(improperly identified as Remodeler's Home
Improvement Loan Asset Backed Certificate, Series
1996-1 in the Fourth Amended Complaint)
(collectively the "FirstPlus Trusts"), Republic Bank
Home Loan Owner Trust 1998-1 (the "Republic
Bank Trust"), U.S. Bank National Association, as
Co-Owner Trustee and Indenture Trustee for and on
behalf of the FirstPlus Trusts and the Republic Bank
Trust, and Wilmington Trust Company, as Owner
Trustee for and on behalf of the FirstPlus Trusts

3

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

STACY BRYANT, Individually on behalf of those
similarly situated, and MICHAEL BRYANT; APRIL
AND GARY HARMON, Individually and on behalf of
those similarly situated; ROY DALE MOOMEY,
Individually and on behalf of those similarly situated,
and LINDA MOOMEY; MARK PETTY, Individually
and on behalf of those similarly situated, and
ELIZABETH PETTY; MARK CHENEY, Individually            CASE NO. _____
and on behalf of those similarly situated, and SARA
CHENEY; DALE FERGUSON, Individually and on
behalf of those similarly situated, and DANIELLE
FERGUSON; BILLY LAWHON, Individually and on
behalf of those similarly situated; PEARLIE TRULY,
Individually and on behalf of those similarly situated,
and DELMORE TRULY; TERRY FERGUSON,
Individually and on behalf of those similarly situated,
AND JULIE FERGUSON; and STEPHEN DAVIS,
Individually and on behalf of those similarly situated,

                                                     PLAINTIFFS,


v.

ROSSLARE FUNDING, INC., REAL ESTATE AND
TITLE SERVICES, INC.; COUNTRYWIDE HOME
LOANS, INC.; U.S. BANK NATIONAL ASSOCIATION,
f/k/a FIRST NATIONAL BANK ASSOCIATION,
Indenture Trustee and Co-Owner Trustee for, and
WILMINGTON TRUST COMPANY, Individually, and as
Owner Trustee for, and, FIRSTPLUS HOME LOAN
OWNER TRUST 1997-1; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-2; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-3; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-4; FIRSTPLUS HOME LOAN
OWNER TRUST 1998-3; FIRSTPLUS HOME LOAN
OWNER TRUST 1998-4; REMODELER'S HOME
IMPROVEMENT LOAN ASSET BACKED
CERTIFICATE, SERIES 1996-1; OCWEN FEDERAL
BANK FSB; CHASE MORTGAGE SERVICES, INC.;
JOHN DOES 1-75; JOHN DOES 76-150; CHASE
MANHATTAN MORTGAGE CORPORATION; U.S. BANK
NATIONAL ASSOCIATION, Indenture and Co-Owner

11-67506.1                                  1

Trustee for, and WILMINGTON TRUST COMPANY, Co-
Owner Trustee for, and UNITED NATIONAL HOME
LOAN OWNER TRUST 1999-1; U.S. BANK TRUST
NATIONAL ASSOCIATION, Trustee for, and
KEYSTONE OWNER TRUST 1998-P1; U.S. BANK
TRUST NATIONAL ASSOCIATION, Trustee for, and
KEYSTONE OWNER TRUST 1998-P2; FIRST TRUST
NATIONAL ASSOCIATION (n/k/a U.S. BANK TRUST
NATIONAL ASSOCIATION), Trustee for, and
KEYSTONE OWNER TRUST 1997-P3; WELLS
FARGO BANK, N.A. (successor in interest to
NORWEST BANK, N.A.), Trustee for, and CITY
CAPITAL HOME LOAN TRUST 1999-1; THE BANK
OF NEW YORK, Trustee for, and METROPOLITAN
MORTGAGE PASS-THROUGH CERTIFICATE
SERIES 1998-B TRUST; U.S. BANK, N.A. Trustee for
and REPUBLIC BANK HOME LOAN OWNER
TRUST 1998-1,

**DEFENDANTS**

## UNITED NATIONAL HOME LOAN OWNER TRUST 1999-1'S CONSENT TO REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1334, 1367, 1441, 1446, 1452, Eastern District of

Arkansas Local Rule 83.1, and Federal Rule of Bankruptcy Procedure 9027, Defendant United

National Home Loan Owner Trust 1999-1, U.S. Bank, National Association in its Capacity as

Indenture and Co-Owner Trustee for the United Trust and Wilmington Trust in its Capacity as

Co-Owner Trustee for the United Trust hereby consent to the removal of this action originally

pleaded as Case No. 2002-42(B) in the Circuit Court of Greene County, Arkansas, and removed

to the United States Bankruptcy Court for the Eastern District of Arkansas by Wells Fargo Bank,

N.A., The Bank of New York, FirstPlus Home Loan Owner Trust 1998-4, Wilmington Trust

Company, as Owner Trustee for and on behalf of FirstPlus Home Loan Owner Trust 1998-4, and

U.S. Bank National Association, as Co-Owner Trustee and Indenture Trustee for and on behalf

of FirstPlus Home Loan Owner Trust 1998-4 (the "Removing Defendants"). The removal is

11-67506.1                                2

based upon federal question jurisdiction and upon jurisdiction of cases arising under Title 11 of the U.S. Code, all as set forth in the Notice of Removal.

Pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3), Defendant United National Home Loan Owner Trust 1999-1, U.S. Bank, National Association in its Capacity as Indenture and Co-Owner Trustee for the United Trust and Wilmington Trust in its Capacity as Co-Owner Trustee for the United Trust admit the allegation in the notice of removal that the proceeding is non-core, and states that it does not consent to entry of final orders or judgment by the bankruptcy judge.

DATED this 8th day of February, 2005.

Respectfully submitted,

By: _____

Paul D. McNeill ( 79206)
Roger McNeil (93151)
Womack, Landis, Phelps, McNeill &
  McDaniel
Century Center
301 West Washington
P.O. Box 3077
Jonesboro, Arkansas  72403
Telephone:  (870) 932-0900
Facsimile:  (870) 932-2553

and

Robert W. George (98134)
Kutak Rock LLP
The Three Sisters Building
214 West Dickson Street
Fayetteville, AR 72701-5221
Telephone: (479) 973-4200
Facsimile: (479) 973-0007

**ATTORNEYS FOR DEFENDANT UNITED NATIONAL HOME LOAN OWNER TRUST 1999-1, U.S. BANK, NATIONAL ASSOCIATION IN ITS CAPACITY AS INDENTURE AND CO-OWNER TRUSTEE FOR THE UNITED TRUST AND WILMINGTON TRUST IN ITS CAPACITY AS CO-OWNER TRUSTEE FOR THE UNITED TRUST**

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | |
|---|---|
| STACY BRYANT, Individually and on behalf of those similarly situated, and MICHAEL BRYANT,    ) ) ) ) | |
| Plaintiffs,    ) ) | |
| v.    ) ) | Case No. |
| ROSSLARE FUNDING, et al.    ) ) | |
| Defendants.    ) | |

### CONSENT TO REMOVAL

   Pursuant to 28 U.S.C. §§ 1331, 1334, 1367, 1441, 1446, 1452, Eastern District of Arkansas Local Rule 83.1, and Federal Rule of Bankruptcy Procedure 9027, Ocwen Federal Bank FSB, City Capital Home Loan Trust 1999-1 and its Trustee Wells Fargo Bank N.A., and Metropolitan Mortgage Pass-Through Certificates Series 1999-B and its Trustee Bank of New York, hereby consent to the removal of this action originally pleaded as Case No. 2002-42(B) in the Circuit Court of Greene County, Arkansas, and removed to the United States Bankruptcy Court for the Eastern District of Arkansas by Wells Fargo Bank, N.A., The Bank of New York, FirstPlus Home Loan Owner Trust 1998-4, Wilmington Trust Company, as Owner Trustee for and on behalf of FirstPlus Home Loan Owner Trust 1998-4, and U.S. Bank National Association, as Co-Owner Trustee and Indenture Trustee for and on behalf of FirstPlus Home Loan Owner Trust 1998-4 (the "Removing Defendants"). The removal is based upon federal question jurisdiction and upon jurisdiction of cases arising under Title 11 of the U.S. Code, all as set forth in the Notice of Removal.

1667438

Pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3), Ocwen Federal Bank

FSB, City Capital Home Loan Trust 199-1 and its Trustee Wells Fargo Bank N.A., and

Metropolitan Mortgage Pass-Through Certificates Series 1999-B and its Trustee Bank of

New York admit the allegation in the notice of removal that the proceeding is non-core, and

state that they do not consent to entry of final orders or judgment by the bankruptcy judge.


/s/ Mark A. Olthoff
MARK A. OLTHOFF
SHUGHART THOMSON & KILROY, P.C.
Twelve Wyandotte Plaza
120 W. 12th Street
Kansas City, Missouri  64105-1929
(816) 421-3355
(816) 374-0509 (FAX)

ATTORNEYS FOR DEFENDANTS
OCWEN FEDERAL BANK FSB, CITY
CAPITAL HOME LOAN TRUST 1999-1
AND WELLS FARGO BANK N.A., ITS
TRUSTEE, AND METROPOLITAN
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 1998-B AND
BANK OF NEW YORK, ITS TRUSTEE

1667438

2

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above and foregoing was delivered via United States mail, postage prepaid, this _____ day of February, 2005, to:

Joe Holifield, Esq.
Attorney at Law
423 West Court Street
Paragould, AR  72450

Mart Vehik, Esq.
McMath Woods, P.A.
711 West Third Street
Little Rock, AR  72201

Attorneys for Plaintiffs

Arlon L. Woodruff, Esq.
Woodruff & Huckaby, P.A.
204 Cobean Boulevard
P.O. Box 500
Lake City, AR  72437-0500

Attorneys for Defendant Real Estate and Title Services

William A. Waddell, Jr., Esq.
Friday, Eldredge & Clark, LLP
2000 Regions Center
400 West Capitol
Little Rock, AR  72201-3493

LeAnn Pederson Pope, Esq.
Andrew S. Paine, Esq.
Burke, Warren, Mackay & Serritella, P.C.
22nd Floor
330 N. Wabash Avenue
Chicago, IL  60611-3607

Attorneys for Defendant Chase Mortgage Services, Inc.

David L. Permut, Esq.
Goodwin Procter LLP
1717 Pennsylvania Avenue NW
Washington, DC  20006

1667438

3

Claire Hancock, Esq.
Wright, Lindsey & Jennings
200 West Capital Avenue
Suite 2200
Little Rock, AR  72201-3699

Attorneys for Defendant Countrywide Home Loans, Inc.

Herbert C. Rule III, Esq.
Stephen N. Joiner, Esq.
Rose Law Firm
120 East Fourth Street
Little Rock, AR  72201

Patrick J. McLaughlin, Esq.
Paul R. Dieseth, Esq.
Dorsey & Whitney LLP
50 South 6th, Suite 1500
Minneapolis, MN  55402-1498

Attorneys for Defendants U.S. Bank N.A. [and Trusts] and Wilmington Trust Company

Leslie A. Greathouse, Esq.
Kutak Rock LLP
200 Valencia Place
4444 W. 47th Street
Kansas City, MO  64112-1914

Paul McNeill, Esq.
Roger McNeil, Esq.
Womack, Landis, Phelps, McNeill & McDaniel
Century Center
301 West Washington
P.O. Box 3077
Jonesboro, AR  72403

4

Robert W. George, Esq.
Kutak Rock LLP
The Three Sisters Building
214 West Dickson Street
Fayetteville, AR  72701-5221

Attorney for Defendant United National Home Loan Owner Trust 1999-1 and its Trustees U.S. Bank
National Association and Wilmington Trust Company


                                        /s/ Mark A. Olthoff
                                        Attorney for Defendants

1667438

## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

STACY BRYANT, Individually on behalf of those
similarly situated, and MICHAEL BRYANT; APRIL
AND GARY HARMON, Individually and on behalf of
those similarly situated; ROY DALE MOOMEY,
Individually and on behalf of those similarly situated,
and LINDA MOOMEY; MARK PETTY, Individually
and on behalf of those similarly situated, and
ELIZABETH PETTY; MARK CHENEY, Individually
and on behalf of those  similarly situated, and SARA
CHENEY; DALE FERGUSON, Individually and on
behalf of those similarly situated, and DANIELLE
FERGUSON; BILLY LAWHON, Individually and on
behalf of those similarly situated; PEARLIE TRULY,
Individually and on behalf of those similarly situated,
and DELMORE TRULY; TERRY FERGUSON,
Individually and on behalf of those similarly situated,
AND JULIIE FERGUSON; and STEPHEN DAVIS,
Individually and on behalf of those similarly situated,

CASE NO. _____

PLAINTIFFS,

v.

ROSSLARE FUNDING, INC., REAL ESTATE AND
TITLE SERVICES, INC.; COUNTRYWIDE HOME
LOANS, INC.; U.S. BANK NATIONAL ASSOCIATION,
f/k/a FIRST NATIONAL BANK ASSOCIATION,
Indenture Trustee and Co-Owner Trustee for, and
WILMINGTON TRUST COMPANY, Individually, and as
Owner Trustee for, and, FIRSTPLUS HOME LOAN
OWNER TRUST 1997-1; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-2; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-3; FIRSTPLUS HOME LOAN
OWNER TRUST 1997-4; FIRSTPLUS HOME LOAN
OWNER TRUST 1998-3; FIRSTPLUS HOME LOAN
OWNER TRUST 1998-4; REMODELER'S HOME
IMPROVEMENT LOAN ASSET BACKED
CERTIFICATE, SERIES 1996-1; OCWEN FEDERAL
BANK FSB; CHASE MORTGAGE SERVICES, INC.;
JOHN DOES 1-75; JOHN DOES 76-150; CHASE
MANHATTAN MORTGAGE CORPORATION; U.S. BANK
NATIONAL ASSOCIATION, Indenture and Co-Owner

Trustee for, and **WILMINGTON TRUST COMPANY, Co-Owner Trustee for, and UNITED NATIONAL HOME LOAN OWNER TRUST 1999-1; U.S. BANK TRUST NATIONAL ASSOCIATION, Trustee for, and KEYSTONE OWNER TRUST 1998-P1; U.S. BANK TRUST NATIONAL ASSOCIATION, Trustee for, and KEYSTONE OWNER TRUST 1998-P2; FIRST TRUST NATIONAL ASSOCIATION (n/k/a U.S. BANK TRUST NATIONAL ASSOCIATION), Trustee for, and KEYSTONE OWNER TRUST 1997-P3; WELLS FARGO BANK, N.A. (successor in interest to NORWEST BANK, N.A.), Trustee for, and CITY CAPITAL HOME LOAN TRUST 1999-1; THE BANK OF NEW YORK, Trustee for, and METROPOLITAN MORTGAGE PASS-THROUGH CERTIFICATE SERIES 1998-B TRUST; U.S. BANK, N.A. Trustee for and REPUBLIC BANK HOME LOAN OWNER TRUST 1998-1**

## JOINT CONSENT TO REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1334, 1367, 1441, 1446, 1452, Eastern District of Arkansas Local Rule 83.1, and Federal Rule of Bankruptcy Procedure 9027, Keystone Owner Trust 1998-P1, Keystone Owner Trust 1998-P2, Keystone Owner Trust 1997-P3 (collectively the "Keystone Trusts"), and U.S. Bank National Association, as Indenture Trustee for each of the Keystone Trusts and Grantor Trustee for the Keystone Owner Trust 1998-P2, for and on behalf of the Keystone Trusts (the "Consenting Defendants")[1] hereby consent to the removal of this action originally pleaded as Case No. 2002-42(B) in the Circuit Court of Greene County, Arkansas, and removed to the United States Bankruptcy Court for the Eastern District of Arkansas by Wells Fargo Bank, N.A., The Bank of New York, FirstPlus Home Loan Owner Trust 1998-4, Wilmington Trust Company, as Owner Trustee for and on behalf of FirstPlus

---

[1]  The Consenting Defendants and their counsel enter their appearance herein for the limited purpose of consenting to the Notice of Removal, and for no other purpose.

Home Loan Owner Trust 1998-4, and U.S. Bank National Association, as Co-Owner Trustee and Indenture Trustee for and on behalf of FirstPlus Home Loan Owner Trust 1998-4. The removal is based upon federal question jurisdiction and upon jurisdiction of cases arising under Title 11 of the U.S. Code, all as set forth in the Notice of Removal.

Pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3), the Consenting Defendants admit the allegation in the notice of removal that the proceeding is non-core, and states that it does not consent to entry of final orders or judgment by the bankruptcy judge.

Respectfully submitted,

ROSE LAW FIRM
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201-2893
(501) 377-0329
sjoiner@roselawfirm.com

By: _Stephen N. Joiner_
Stephen N. Joiner
Arkansas Bar No. 87093

Attorneys for the Consenting Defendants
Keystone Owner Trust 1998-P1, Keystone Owner
Trust 1998-P2, Keystone Owner Trust 1997-P3
(collectively the "Keystone Trusts"), and U.S. Bank
National Association, as Indenture Trustee for each
of the Keystone Trusts and Grantor Trustee for the
Keystone Owner Trust 1998-P2, for and on behalf
of the Keystone Trusts

### IN THE CIRCUIT COURT OF GREENE COUNTY, ARKANSAS

STACY BRYANT, Individually and on
behalf of those similarly situated, and
MICHAEL BRYANT; APRIL AND GARY
HARMON, Individually and on behalf of those
similarly situated; ROY DALE MOOMEY, Individually
and on behalf of those similarly situated, and
LINDA MOOMEY; MARK PETTY, Individually
and on behalf of those similarly situated, and
ELIZABETH PETTY; MARK CHENEY,
Individually and on behalf of those similarly
situated, and SARA CHENEY; DALE FERGUSON,
Individually and on behalf of those similarly situated,
and DANIELLE FERGUSON; BILLY LAWHON,
Individually and on behalf of those similarly situated;
PEARLIE TRULY, Individually and on behalf of
those similarly situated , and DELMORE TRULY;
TERRY FERGUSON, Individually and on behalf
of those similarly situated, and JULIE FERGUSON;
and STEPHEN DAVIS, Individually and on behalf of
those similarly situated                                                                **PLAINTIFFS**

vs.                                          NO. 2002-42(B)

ROSSLARE FUNDING, INC.; REAL ESTATE
AND TITLE SERVICES, INC.; COUNTRYWIDE
HOME LOANS, INC.; U.S. BANK NATIONAL
ASSOCIATION, f/k/a FIRST BANK NATIONAL
ASSOCIATION, Indenture Trustee and Co-Owner
Trustee for, and WILMINGTON TRUST COMPANY,
Individually, and as Owner Trustee for, and, FIRSTPLUS
HOME LOAN OWNER TRUST 1997-1; FIRSTPLUS
HOME LOAN OWNER TRUST 1997-2; FIRSTPLUS
HOME LOAN OWNER TRUST 1997-3; FIRSTPLUS
HOME LOAN OWNER TRUST 1997-4; FIRSTPLUS
HOME LOAN OWNER TRUST 1998-3; FIRSTPLUS
HOME LOAN OWNER TRUST 1998-4; REMODELER'S
HOME IMPROVEMENT LOAN ASSET BACKED
CERTIFICATE, SERIES 1996-1; OCWEN FEDERAL
BANK FSB; CHASE MORTGAGE SERVICES, INC.;
JOHN DOES 1-75; JOHN DOES 76-150; CHASE
MANHATTAN MORTGAGE CORPORATION;
U.S. BANK NATIONAL ASSOCIATION, Indenture
Trustee and Co-Owner Trustee for, and WILMINGTON
TRUST COMPANY, Co-Owner Trustee for, and



EXHIBIT

tabbies

A



JAN 12 2005

UNITED NATIONAL HOME LOAN OWNER TRUST 1999-1;
U.S. BANK TRUST NATIONAL ASSOCIATION, Trustee for,
and KEYSTONE OWNER TRUST 1998-P1; U.S. BANK
TRUST NATIONAL ASSOCIATION, Trustee for, and
KEYSTONE OWNER TRUST 1998-P2; FIRST TRUST
NATIONAL ASSOCIATION (n/k/a U.S. BANK TRUST
NATIONAL ASSOCIATION),Trustee for, and KEYSTONE
OWNER TRUST 1997-P3; WELLS FARGO BANK, N.A.
(successor in interest to NORWEST BANK, N.A.), Trustee
for, and CITY CAPITAL HOME LOAN TRUST 1999-1;
THE BANK OF NEW YORK, Trustee for, and METROPOLITAN
MORTGAGE PASS-THROUGH CERTIFICATE SERIES
1998-B TRUST; U.S. BANK, N.A. Trustee for, and REPUBLIC
BANK HOME LOAN OWNER TRUST 1998-1                          **DEFENDANTS**

## FOURTH AMENDED COMPLAINT – CLASS ACTION

Plaintiffs, for their fourth amended complaint, and based on information and belief, allege as follows:

1.      Plaintiff, Stacy Bryant, is a citizen and resident of Greene County, Arkansas, and brings this action on behalf of herself and on behalf of a similarly situated class of persons (hereafter "class") who entered into second mortgage loan contracts with defendant Rosslare Funding, Inc. (hereafter "Rosslare"), and others, in Arkansas, which have a rate of interest in excess of five percent (5%) per annum above the Federal Reserve Discount Rate in effect in Arkansas at the time of the contracts.

2.      Plaintiff, Michael Bryant, is a citizen and resident of Greene County, Arkansas, and is the husband of Stacy Bryant.  Plaintiff, Michael Bryant, along with Stacy Bryant, signed promissory note contracts and second mortgage contracts that are the subjects of this lawsuit.

3.      Defendant Rosslare, a foreign corporation, at all relevant times herein, regularly did business in Arkansas directly and through agents in Arkansas by soliciting, originating, and assigning loans made in Arkansas to Arkansas residents, which are

2

JAN 1 2 2005

secured by second mortgages on property located in Arkansas ("class loans"). Defendant Rosslare served as loan correspondent for the defendants, and others, which funded, purchased, and received interest from the class loans Rosslare originated in Arkansas.

4.     Defendant Real Estate and Title Services, Inc. is a corporation organized under the laws of Arkansas, and has its principal place of business in Paragould, Arkansas. Said defendant served as closing agent for Rosslare and closed class loans made by Rosslare in Greene County, Arkansas, including the loan to Stacy and Michael Bryant, assembled loan documents, obtained signatures, recorded mortgages and mortgage assignments, paid recording fees, and otherwise acted on behalf of and represented Rosslare relative to its business activities in Greene County, Arkansas.

5.     Defendant Countrywide Home Loans, Inc. (hereafter "Countrywide"), a foreign corporation, is a current owner and/or servicer of the Bryant mortgage loan, and collects and has collected payments of principal and interest from the Bryants on its own behalf or on behalf of others, said interest in excess of the maximum lawful rate in Arkansas. Countrywide maintains an office in Arkansas, is registered to do business in Arkansas, and its agent for service of process in Arkansas is Prentice-Hall Corporation System, 120 East Fourth Street, Little Rock, Arkansas 72201.

6.     Defendant, U.S. Bank National Association (f/k/a First Bank National Association), is the "Indenture Trustee," and "Co-Owner Trustee," of Trusts, including Trusts identified hereafter in Paragraph 7, and the Trust identified hereafter in paragraph 42, formed pursuant to agreements between U.S. Bank, Wilmington Trust Company, and others, which purchased second mortgage home loans, originated by

3

Rosslare and other lenders, including the usurious home loans to the plaintiffs and the class, pooled the home loans and issued for sale to investors interest-bearing securities collateralized by the pool of home loans. Pursuant to Agreements of "Indenture" and "Trust," U.S. Bank, as Indenture Trustee, received and holds legal title to the home loans, and receives payments of principal and interest, either directly and/or through servicers, from plaintiffs and the class in repayment of the loans, which, in part, U.S. Bank pays as interest to the holders of securities issued by the Trusts. The mortgage loans made to plaintiffs and the class owned by U.S. Bank, as Indenture Trustee, and/or Co-Owner Trustee, and the Trusts, have a rate of interest in excess of the maximum lawful rate permitted by Arkansas law, and the plaintiffs and the class have paid, and continue to pay, interest in repayment of their home loans in excess of the maximum lawful rate permitted by Arkansas law, which entitles them to usury and other remedies and damages against U.S. Bank and the Trusts, as provided by Arkansas law. U.S. Bank, as legal owner of the loans to the plaintiffs and the class, is a real party in interest in this action against the Trusts, and a judgment against U.S. Bank as Trustee binds the Trusts and their beneficiaries. U.S. Bank maintains 50 or more branch offices in Arkansas through which U.S. Bank regularly does business in Arkansas, has obtained a Certificate of Authority from the Arkansas State Bank Department to do business in Arkansas, maintains The Corporation Company, 425 West Capitol Avenue, Little Rock, Arkansas 72201, as its agent for service of process, and is subject to the jurisdiction of the courts of Arkansas. U.S. Bank's address is 601 Second Avenue, Minneapolis, MN 55402-4302.

4

7.     The Trusts identified in this paragraph have ownership interests in the second mortgage loans made to the plaintiffs and the class, and are individually named as defendants. These Trusts are: (a) FirstPlus Home Loan Owner Trust 1997-1; (b) FirstPlus Home Loan Owner Trust 1997-2; (c) FirstPlus Home Loan Owner Trust 1997-3; (d) FirstPlus Home Loan Owner Trust 1997-4; (e) FirstPlus Home Loan Owner Trust 1998-3; (f) FirstPlus Home Loan Owner Trust 1998-4; (g) Remodeler's Home Improvement Loan Asset Backed Certificates, Series 1996-1; and (h) United National Home Loan Owner Trust 1999-1. Each of these Trusts, as a beneficial and/or legal owner, receives usurious interest from the plaintiffs and the class in repayment of their home loans, and each Trust, individually, or through its Trustees, is liable to them for usury and other damages and remedies, as provided by Arkansas law. These Trusts have no employees anywhere and regularly conduct their business in Arkansas solely through their Trustees, U.S. Bank and Wilmington Trust Company, and others hired by their Trustees, are subject to the jurisdiction of this Court individually or through their Trustees, and may be served with process through U.S. Bank, as Indenture Trustee and Co-Owner Trustee, and Wilmington Trust Company, as Owner Trustee.

8.     Defendant Wilmington Trust Company is the "Owner Trustee" of Trusts, including the Trusts identified in Paragraph 7, above, and the Trust identified in Paragraph 42 hereafter, formed pursuant to the Trust Agreements between Wilmington Trust Company, U.S. Bank, and others, and as Owner Trustee, and for the benefit of the owners of the Trust, holds residual and other ownership interests in the second mortgage loans made to the plaintiffs and the class, and is, together with the Trusts and U.S. Bank, liable to the plaintiffs and the class for usury and other remedies and

5

damages, as provided by Arkansas law. Wilmington Trust Company is subject to the jurisdiction of the courts of Arkansas through the activities of the Trusts or their agents in Arkansas, including, specifically, the ownership of the usurious mortgage loans and the receipt of unlawful interest pursuant thereto, from which this cause of action arises. Defendant Wilmington Trust Company's address is 1100 No. Market St., Wilmington, DE 19890-0001.

9. The allegations made against U.S. Bank, Individually, and against Wilmington Trust Company, individually, have now been dismissed without prejudice.

10. Defendant Ocwen Federal Bank FSB (hereafter "Ocwen"), is an owner and/or servicer of second mortgage loans made to plaintiffs and the members of the class, which have rates of interest in excess of the maximum lawful rate permitted by Arkansas law. Plaintiffs and the class have, in repayment of said loans, paid interest to Ocwen, and/or others on whose behalf Ocwen is acting as servicer, in excess of the maximum lawful rate in Arkansas, making them liable to plaintiffs and the class for usury and other remedies and damages as provided by Arkansas law. Defendant Ocwen's address is 1675 Palm Beach Lakes Boulevard, West Palm Beach, FL 33401.

11. Plaintiffs' complaint against Defendant Chase Mortgage Services, Inc., formerly known as Chase Manhattan Mortgage Corporation ("Old Chase"), has been dismissed without prejudice, and plaintiffs' complaint has been amended to name Defendant Chase Manhattan Mortgage Corporation, formerly known as Chemical Residential Mortgage Corporation (hereafter "New Chase"), as the owner and/or servicer of second mortgage loans made to plaintiffs and the members of the class, which have rates of interest in excess of the maximum lawful rate permitted by

6